UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeremy J. Quinn, Jr.,                                               Case No. 3:22-cv-661

                  Plaintiff,

v.                                                  MEMORANDUM OPINION
                                                        AND ORDER

John/Jane Doe, *et al.*,

                  Defendants.

## I. INTRODUCTION AND BACKGROUND

Plaintiff Jeremy J. Quinn, Jr. is an inmate at the Southern Ohio Correctional Facility ("SOCF"), a prison in Lucasville, Ohio run by the Ohio Department of Rehabilitation and Correction ("ODRC"). Quinn previously was incarcerated at the Toledo Correctional Institution ("ToCI"), an ODRC facility in Toledo, Ohio. On April 25, 2022, Quinn filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, challenging an ODRC legal mail policy (the "Policy") and naming as Defendants, in their individual and official capacities, John/Jane Doe (the mailroom supervisor at ToCI), Harold May (the Warden at ToCI), and John/Jane Doe (an ODRC staff member at the ODRC main office who Quinn alleges created the Policy).[1] (Doc. No. 1).

Quinn alleges that, under the Policy, the ODRC requires any mail from a lawyer, law firm, or court have a control number before it is treated as legal mail, as opposed to regular mail. (*Id.* at 3).

---

[1] Quinn moved to amend his complaint to substitute Andrew Rodriguez in place of the John Doe mailroom supervisor, (Doc. No. 15), after Defendants acknowledged Rodriguez was the appropriate party. (Doc. No. 8 at 1 n.1). The motion to amend is granted.

Regular mail is opened by prison staff members upon its arrival at ToCI and other ODRC institutions and inspected for contraband before copies of the mail are given to inmates. (*Id.*). Legal mail must be opened in the inmate's presence, in order to protect any attorney-client privilege which may apply to the documents or information mailed. Quinn contends the Policy violates his rights under the First, Fifth, Sixth, and Fourteenth Amendments. (*Id.* at 8).

A few weeks after filing suit, Quinn filed a motion for the appointment of counsel to assist him with this case. (Doc. No. 6). Shortly after that, Defendants filed a motion to dismiss Quinn's complaint. (Doc. No. 8). Quinn filed a brief in opposition. (Doc. No. 14). I subsequently granted Quinn's motion for counsel and appointed Robert S. Salem, Esq., to represent Quinn. (Doc. No. 18). I then granted the parties leave to file additional briefing. Counsel filed a supplemental opposition brief on Quinn's behalf, (Doc. No. 21), and Defendants filed a brief in reply. (Doc. No. 22).

For the reasons stated below, I grant Defendants' motion in part and deny it in part.

## II.　Standard

A defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In considering the adequacy of the allegations in the complaint, the court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the

case[,] and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### III.    ANALYSIS

Quinn alleges Defendants have violated his rights under the First, Fifth, Sixth, and Fourteenth Amendments by opening his legal mail outside of his presence.

Defendants first argue that Quinn's claims against Defendants in their official capacities are barred. (Doc. No. 8 at 3-4). Section 1983 provides a vehicle for a plaintiff to pursue a claim for "the deprivation of any rights, privileges, or immunities secured by the Constitution" by any *person* acting under color of state law. 42 U.S.C. § 1983. The Supreme Court has held state officials acting in their official capacities are not "persons" under § 1983, because a claim against a state official in his or her official capacity in effect is a claim against the state itself and states are not "persons." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, I grant Defendants' motion to dismiss Quinn's claim against Defendants in their official capacities.

Next, Defendants argue Quinn fails to state a claim for the violation of his Fifth, Sixth, and Fourteenth Amendment rights. (Doc. No. 8 at 6). Quinn did not respond to Defendants' argument regarding his claims under Fifth and Sixth Amendments, and it is unclear how the rights protected by these Amendments are implicated by Defendants' alleged conduct. The Sixth Amendment provides that:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defen[s]e.

U.S. Const. amend. VI.

Quinn has not alleged any facts which show Defendants have interfered with any of these rights. Therefore, I conclude he fails to state a plausible Sixth Amendment claim.

Defendants speculate[2] that Quinn's Fifth Amendment claim is one for deprivation without procedural due process of a property interest in his mail. (Doc. No. 8 at 6). *See also Vicory v. Walton*, 721 F.2d 1062, 1063 (6th Cir. 1983) (holding "in section 1983 damage suits for deprivation of property without procedural due process the plaintiff has the burden of pleading and proving the inadequacy of state processes, including state damage remedies to redress the claimed wrong"). Quinn did not respond to this supposition or otherwise define the contours of the rights he alleges were violated. As Defendants note, Quinn has not alleged that the grievance procedure or Ohio's judicial remedies are inadequate to rectify any alleged wrong he suffered. *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Therefore, I conclude Quinn fails to state a plausible claim under the Fifth Amendment for violation of his procedural due process rights.

Quinn contends he should be permitted to proceed with a Fourteenth Amendment equal protection claim. (Doc. No. 21 at 7). The Equal Protection Clause of the Fourteen Amendment "is in essence 'a direction that all persons similarly situated should be treated alike.'" *Robinson v. Jackson*, 615 F. App'x 310, 314 (6th Cir. 2015) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). To state a plausible equal protection claim that does not involve a suspect class,[3] an inmate must show "(1) that similarly situated inmates intentionally have been treated differently from one another by the government; and (2) that there is no rational relation[ship] between the

---

[2] *Pro se* pleadings such as Quinn's are entitled to a liberal construction, and "[t]he appropriate liberal construction requires active interpretation in some cases." *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985).

[3] *See, e.g., Tigrett v. Cooper*, 855 F. Supp. 2d 733, 757 (W.D. Tenn. 2012) (describing "the suspect or quasi-suspect classifications recognized by the Supreme Court in its Equal Protection jurisprudence[ as] race, national origin, alienage, gender, or legitimacy").

4

dissimilar treatment and any legitimate penological interest." *Thomas v. Slusher*, No. 1:17-cv-794, 2018 WL 931301, at *7 (N.D. Ohio Feb. 16, 2018) (citing *LaFountain v. Harry*, 716 F.3d 944, 950-51 (6th Cir. 2013)).

While he argues in his supplemental opposition brief that he and other *pro se* inmates have been treated differently from similarly situated inmates with attorneys, Quinn does not point to any factual allegations in the Complaint to support such a claim. (*See* Doc. No. 21 at 7). Without some factual basis, I am unable to conclude Quinn has plausibly alleged similarly situated inmates were treated more favorably than he has been. Therefore, I grant Defendants' motion to dismiss Quinn's Fourteenth Amendment claim.

Lastly, Defendants argue they are entitled to qualified immunity on Quinn's First Amendment claim and that this claim should be dismissed pursuant to Rule 12(b)(6). The First Amendment protects an inmate's right to receive mail and provides an additional level of protection for legal mail, a type of mail which includes mail from attorneys and from courts. *Sallier v. Brooks*, 343 F.3d 868, 877-78 (6th Cir. 2003). Ohio law similarly defines legal mail to include mail from courts as well. *See* Ohio Admin. Code § 5120-9-17(B)(2) (defining legal mail as including "mail addressed to an inmate clearly bearing the return address of …[a] court of law"). Legal mail generally should be opened "in the inmate's presence in accordance with appropriately drafted and uniformly applied regulations." *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996) (citing *Wolff v. McDonnell,* 418 U.S. 539 (1974)).

A court conducting a qualified immunity inquiry at the Rule 12(b)(6) stage must "determine whether the facts alleged make out a violation of a constitutional right, and . . . ask whether the right at issue was clearly established when the event occurred so that a reasonable officer would have known that his conduct violated it." *Buddenberg v. Weisdack*, 939 F.3d 732, 738 (6th Cir. 2019). "In inquiring whether a constitutional right is clearly established, [a court] must look first to decisions of

the Supreme Court, then to decisions of [the Sixth Circuit] and other courts within [the Sixth Circuit], and finally to decisions of other circuits." *Buckner v. Kilgore*, 36 F.3d 536, 539 (6th Cir. 1994).

According to Quinn, the Policy requires that mail from an attorney, law office, or court must have a control number and, "[i]f it does not have a[n] approved control number attached to it, it will be treated as regular mail," which may be opened outside of the inmate's presence. (Doc. No. 1 at 3). He alleges he received mail from the Supreme Court of Ohio and this court which was treated as regular mail and opened outside of his presence. (*Id.* at 3-5). He also alleges Rodriguez told him "[m]ail from all the state and federal courts and their clerk's offices will be presumed to be regular mail and should be processed as such. . . . The PIN number [Quinn] referenc[ed] is related to legal mail from an Attorney, not State and Federal courts . . . ." (Doc. No. 1-4 at 1).[4] Quinn further alleges that May confirmed that he had instructed Rodriguez and other ToCI staff members to treat all mail from courts as regular mail. (Doc. No. 1 at 6-7).

Defendants assert they could not reasonably have known the Policy or their conduct violated a clearly established constitutional right because another judge in the Northern District of Ohio "determined that compliance with the ODRC's legal mail policy 'satisfies constitutional requirements.'" (Doc. No. 8 at 5) (quoting *Whitman v. Gray*, No. 5:19-CV-01818, 2022 WL 621553, at *2 (N.D. Ohio Mar. 3, 2022) (Gwin, J.). They also argue the Third Circuit Court of Appeals approved a similar legal mail policy. (Doc. No. 8 at 5) (quoting *Fontroy v. Beard*, 559 F.3d 173, 174 (3d Cir. 2009)).

Defendants have not met their burden to establish they are entitled to qualified immunity at this stage, or to show Quinn has failed to state a plausible claim for relief. The decisions of the

---

[4] As I noted above, I may consider any exhibits attached to the complaint in determining the adequacy of the plaintiff's allegations. *Bassett*, 528 F.3d at 430.

6

*Fontroy* court or of Judge Gwin in *Whitman* are not binding precedent, either as to the Policy itself or the principle of law generally. *See, e.g., Wright v. Spaulding*, 939 F.3d 695, 699 (6th Cir. 2019) (reiterating the principle that holdings of other circuit courts of appeal are not binding on courts in the Sixth Circuit); *H.R. ex rel. Reuter v. Medtronic, Inc.*, 996 F. Supp. 2d 671, 678 n.5 (S.D. Ohio 2014) (noting decisions of other district courts constitute persuasive but not binding authority). Moreover, Defendants cannot reasonably rely on Judge Gwin's decision in *Whitman* to justify conduct which occurred over five months before Judge Gwin issued his opinion.

More to the point, the Sixth Circuit has expressly held "that mail from a court constitutes 'legal mail' and cannot be opened outside the presence of a prisoner who has specifically requested otherwise." *Sallier*, 343 F.3d at 877. *See also id.* at 877-78 ("There is no penological interest or security concern that justifies opening [legal] mail outside of the prisoner's presence when the prisoner has specifically requested otherwise."). Thus, Judge Gwin's conclusion in *Whitman* regarding the constitutionality of the Policy does not constitute even persuasive authority in this case, because the facts contained in the record show Defendants' application of the Policy categorically excludes a specific and protected form of communication and disregarded Quinn's explicit request to have his legal mail opened only in his presence. (*See* Doc. No. 1-4 at 1).

Quinn plausibly alleges Defendants have violated a clearly established principle of law through their treatment of mail sent to him by state and federal courts. Therefore, I conclude Defendants are not entitled to qualified immunity on Quinn's First Amendment claim and deny their motion to dismiss as to this claim.

### IV. CONCLUSION

For the reasons stated above, I grant Quinn's motion to amend his complaint, (Doc. No. 15), and order that Andrew Rodriguez be substituted as a Defendant in place of the John Doe mailroom supervisor. Further, I grant Defendants' motion to dismiss Quinn's claims under the

7

Fifth, Sixth, and Fourteenth Amendments, and his claims against Defendants in their official capacities, for failure to state a claim. (Doc. No. 8). I conclude Defendants are not entitled to qualified immunity as to Quinn's First Amendment claim and deny the motion as to that claim.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge