IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JEREMY J. QUINN, JR., <br><br> Plaintiff, <br><br> vs. <br><br> ANDREW RODRIGUEZ, *et al.*, <br><br> Defendants. | CASE NO. 3:22-CV-00661-DAC <br><br> MAGISTRATE JUDGE DARRELL A. CLAY <br><br> **ORDER ON MOTION FOR RECONSIDERATION** <br> [ECF #52] |

## INTRODUCTION

Representing himself (following the discharge of his previously requested court-appointed counsel), Plaintiff Jeremy Quinn, Jr. seeks reconsideration of my Order (ECF #50) on the parties' cross-motions for summary judgment. (ECF #52). Defendants Annette Chambers-Smith, Andrew Rodriguez, and Harold May oppose the motion. (ECF #56). For the following reasons, I **DENY** Mr. Quinn's Motion.

## BACKGROUND

Among other claims that were dismissed, Mr. Quinn's Complaint included a § 1983 challenge to the constitutionality of the Ohio Department of Rehabilitation and Correction's (ODRC) new policy on inmate legal mail (the Policy). (ECF #1). Mr. Quinn alleged the Policy violated his First Amendment rights. (*Id.*).

Under the former mail policy, inmate legal mail received at an ODRC institution was logged, opened (but not read) in the inmate's presence, and visually inspected for obvious signs of contraband. (*See* ECF #50 at PageID 427). Regular mail was processed outside the inmate's

1

presence (opened under a ventless hood to prevent exposure to potentially dangerous substances, visually inspected for contraband, read and reviewed for potential security threats) and not logged. (*Id.*). Inmates received copies of the contents instead of the original documents. (*Id.*). The new Policy, adopted to combat the conveyance of contraband into prisons through legal mail, requires legal entities such as courts and attorneys to register with ODRC and affix a control number to the envelope of each piece of legal mail sent to an inmate. (*Id.* at PageID 428). When the ODRC institution receives prisoner mail displaying a valid control number, it is processed as under the old policy. (*Id.*). When the envelope lacks a valid control number, the item is processed as regular mail. (*Id.*).

The Supreme Court has long held that a prisoner's rights may be limited to accommodate the needs and operational realities of the penal institution. *Jones v. N.C. Prisoners' Lab. Union*, 433 U.S. 119, 125-26 (1977). Thus, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). After considering the four factors relevant to the reasonableness of the regulation, I determined the Policy was reasonably related to legitimate penological interests and therefore denied Mr. Quinn's motion for summary judgment and granted summary judgment to the Defendants on the First Amendment claim. (ECF #50 at PageID 438-443).

## STANDARD OF REVIEW

A motion for reconsideration is not specifically contemplated under the Federal Rules of Civil Procedure but is construed as a motion to alter or amend the judgment under Rule 59(e). *Moody v. Pepsi-Cola Metropolitan Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990); *McDowell v. Dynamics Corp. of America*, 931 F.2d 380 (6th Cir. 1991). The purpose of a motion to alter or

amend judgment is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1989). Rule 59(e) is not designed to give litigants the opportunity to relitigate matters already decided. *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) (citation omitted). Nor can it be used to raise new arguments that could have been raised before a judgment was issued. *Id.* Generally, a district court may justify altering or amending its judgment in three situations: "(1) to accommodate an intervening change in controlling law; (2) to consider newly discovered evidence; or (3) to prevent a clear error of law or a manifest injustice." *GenCorp, Inc. v. American Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

## ANALYSIS

In his motion, Mr. Quinn seeks reconsideration on three grounds. First, he contends the decision denying summary judgment in his favor disregards clearly established Sixth Circuit precedent, citing *Sallier v. Brooks*, 343 F.3d 868 (6th Cir. 2003). (ECF #52 at PageID 448-49). Second, he states the decision "is only in theory and not facts or practice," because federal and state clerks he spoke with said they would not follow the Policy because it is too burdensome. (*Id.* at PageID 449-50). Third, Mr. Quinn argues the Defendants are misleading the Court because the Policy has not stopped, lowered, or prevented drug contraband from entering the prison system. (*Id.* at PageID 450-51).

I. **My summary judgment decision did not disregard Sixth Circuit precedent.**

Mr. Quinn asserts I disregarded the Sixth Circuit's holding in *Sallier v. Brooks* that "mail from a court constitutes 'legal mail' and cannot be opened outside the presence of a prisoner who has specifically requested otherwise." 343 F.3d at 877. I disagree. Indeed, I expressly acknowledged

3

that holding and stated, "the Policy appears to impinge on Mr. Quinn's First Amendment rights." (ECF #50 at PageID 438).

But the cited language in *Sallier v. Brooks* does not end the analysis of Mr. Quinn's claim. Under Supreme Court precedent, when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests. *Turner*, 482 U.S. at 89. Under that standard of review, I concluded the regulation was reasonably related to the prison's legitimate penological interest in preventing drug contraband from entering the facility through mail designated as legal mail. (ECF #50 at PageID 442). Mr. Quinn has not identified a clear error justifying his request to alter or amend the judgment.

**II.     Mr. Quinn's remaining arguments do not justify altering or amending the judgment.**

In his Complaint, Mr. Quinn claims he spoke with state and federal court clerks, and they decided to not follow the Policy because it is burdensome. (ECF #52 at PageID 449). Pointing to those alleged conversations, he argues my decision is based in theory, not in fact or actual practice. (*Id.*). To the extent Mr. Quinn claims I inappropriately disregarded unsworn conversations between Mr. Quinn and unidentified court clerks about their mailing practices, he has not identified an error. In the Sixth Circuit, a court "may not consider unsworn statements when ruling on a motion for summary judgment." *J.B. Robinson Jewelers*, 627 F.3d 235, 239 n.1 (6th Cir. 2010). Moreover, the administrative burden that a prison regulation places on the courts is not a factor considered under the *Turner* test.

Relatedly, Mr. Quinn also argues the Policy is unconstitutional because prisoners cannot compel courts to apply to ODRC for control numbers and therefore do not have alternate means to enforce their rights to legal mail. (ECF #52 at PageID 450). Mr. Quinn presented this argument

4

in his brief opposing the State's motion for summary judgment (ECF #46 at PageID 366), and I addressed it, noting that "[i]f no alternative means of exercising the circumscribed right exists, that fact is not conclusive, but it is some evidence that the regulation is unreasonable." (ECF #50 at PageID 440) (citing *Overton v. Bazzetta,* 539 U.S. 126, 135 (2003)). Mr. Quinn's attempt to relitigate issues addressed in my Order is not a basis to alter or amend judgment under Rule 59(e). *Roger Miller Music, Inc.,* 477 F.3d at 395.

Last, Mr. Quinn states the Defendants' claims are misleading because the Policy has not prevented drug contraband from entering the prison system. (ECF #52 at PageID 450). Without citing any source, Mr. Quinn contends that 98% of contraband, including drugs, tobacco, and cell phones, is introduced to the prison through ODRC employees, suggesting the Policy targeting legal mail is not reasonably related to preventing drug contraband. (*Id.*). Setting aside the lack of proof supporting that allegation, Mr. Quinn has not identified a clear error because he failed to raise that argument on summary judgment before judgment issued. *Roger Miller Music, Inc.,* 477 F.3d at 395. "[U]nder Rule 59(e), parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Id.*

As a last request, Mr. Quinn asks that if I deny his Motion for Reconsideration, I grant him leave to appeal in forma pauperis on the constitutionality of the Policy. (ECF #52 at PageID 451). Under 28 U.S.C. § 1915(a)(3), an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. *Coppedge v. United States,* 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* Mr. Quinn's argument is not frivolous and therefore I will grant Mr. Quinn permission to appeal in forma pauperis. I note under Federal Rule of Appellate

5

Procedure 4(a)(4)(A)(v), the 30-day period for Mr. Quinn to file his notice of appeal begins on the day after the entry of this order (*i.e.*, September 30).

## CONCLUSION

Mr. Quinn has not met his burden to identify a basis that justifies altering or amending the judgment in his favor. Accordingly, I **DENY** Mr. Quinn's Motion for Reconsideration (ECF #52). I also find, under § 1915(a)(3), that an appeal may be taken in good faith and the issue is not frivolous.

**SO ORDERED.**

Dated: September 29, 2025

_____
DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE